# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 9, 2016

## STATE OF TENNESSEE v. JOHNNY LYNN a.k.a. JEROME BUSS

**Appeal from the Circuit Court for Perry County**
No. 747     Deanna B. Johnson, Judge

_____

**No. M2015-02413-CCA-R3-CD – Filed March 3, 2017**

_____

Defendant, Johnny Lynn, appeals the trial court's denial of his motion under Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence. Defendant contends that the trial court erred by concluding that relief was not available because his sentence was legal and, thus, he failed to state a colorable claim under Rule 36.1. After a thorough review of the record and applicable law, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and J. ROSS DYER, JJ., joined.

Johnny Lynn, Whiteville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In August 2007, following the conclusion of a jury trial, Defendant was convicted of two counts of rape of a child and two counts of aggravated sexual battery. *State v. Johnny Lynn, aka Jerome Alvin Buss*, No. M2008-00532-CCA-R3-CD, 2009 WL 1812419, at *3 (Tenn. Crim. App. June 25, 2009). "At a subsequent sentencing, the trial court imposed terms of ten years for each aggravated sexual battery conviction [to be served concurrently] and twenty-two years for each rape of a child conviction." *Id.* "The twenty-two-year sentences were to be served consecutively to each other and

consecutively to the ten-year sentence, resulting in an effective fifty-four-year sentence with [one hundred percent] service required." *Id.*

On direct appeal, this court affirmed Defendant's convictions and sentences, holding, in part, that "the trial court properly sentenced the Defendant to consecutive terms and was within its discretion to consider, but not apply, his proposed mitigating factors." *Id.* at *9. In a subsequent petition for post-conviction relief, Defendant argued that trial counsel provided ineffective assistance by failing to allow Defendant to be sentenced under the 2005 amendments to the Sentencing Act. *Johnny Lynn v. State*, No. M2012-01877-CCA-R3-PC, 2013 WL 5300676, at *2 (Tenn. Crim. App. Sept. 18, 2013). This court affirmed the post-conviction court's denial of his petition for post-conviction relief, noting that Defendant could have been given a longer sentence under the 2005 amendments. *Id.* at *4.

On July 29, 2014, Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant argued that the trial court should appoint counsel and allow the motion to be amended as needed. He also argued that his convictions violated double jeopardy protections in the United States and Tennessee constitutions. The trial court dismissed the motion without an evidentiary hearing and without appointing counsel, finding that Defendant's sentences were legal and that Defendant failed to state a colorable claim for relief under Rule 36.1.

On appeal, Defendant argues that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. Tennessee Rule of Criminal Procedure 36.1 provides, in part, that a defendant may "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* Pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

Defendant asserts that his convictions for rape of a child and aggravated sexual battery violate double jeopardy protections and that as a result, his sentences are illegal. Because Defendant did not state a colorable claim for relief, the trial court was not obliged to appoint Defendant counsel, allow for an amended motion, or hold an evidentiary hearing on the issue. We hold that a Rule 36.1 motion is not the proper avenue for challenging convictions based on double jeopardy. *State v. Samuel L.*

*Giddens, Jr.*, No. M2014-01505-CCA-R3-CD, 2015 WL 1472646, at *9 (Tenn. Crim. App. Feb. 20, 2015).

      This case is an appeal from a judgment that was not a determination of guilt, and the record does not preponderate against the finding of the trial judge. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

 

_____
THOMAS T. WOODALL, PRESIDING JUDGE